**Dewain FRANKS, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 91 Civ. 6754 (VLB).**

United States District Court,
S.D. New York.

Sept. 30, 1992.

Kane, 7 *Federal Practice and Procedure: Civil 2d*

Davison F. Moore, Poughkeepsie, N.Y., for plaintiff.

Lorraine S. Novinski, Sp. Asst. U.S. Atty., U.S. Attorney's Office, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

In this case filed pursuant to 42 U.S.C. 405(g), plaintiff challenges denial by the Secretary of Health and Human Services of his claim for disability benefits based on injuries due primarily to a 1988 motor vehicle accident.

§ 1717, at 615–16 (2d ed. 1986).

Plaintiff had been a New York State corrections officer and has not worked since 1988. According to a medical assessment of June 13, 1990, plaintiff cannot (a) perform heavy work (lifting more than 15 pounds), (b) stand for more than three hours or sit for more than five, (c) either stand or sit for more than 45 minutes at a time, or (d) stoop, crouch or kneel. Tr. 144–46.

On July 19, 1989 the first decision by Administrative Law Judge J. Lawson Brown was rendered, making a finding of lack of disability (Tr. 120–25). The Appeals Council on May 2, 1990 remanded to the ALJ with directions for further development of the record, including more detailed information concerning plaintiff's "functional restrictions" and "residual functional capacity." Tr. 130–131.

On September 19, 1990 a further hearing was held before ALJ Brown at which a vocational expert selected by the ALJ testified that "are no jobs in this national economy—in this regional economy" which plaintiff could perform under these circumstances. Tr. 58–59. The ALJ, however, utilized interrogatories to a second vocational expert who opined in written answers that plaintiff might function as a security guard, mail clerk, and parts order and stock clerk. Tr. 161–62. No analysis, discussion or detailed information as to whether plaintiff could perform the duties required by such assignments while avoiding standing or sitting for extended periods was set forth in this expert's written submission or in the ALJ's decision.

ALJ Brown's decision of December 18, 1990, which the Appeals Council declined to review and which is now before the court included a finding that the "claimant's residual functional capacity for a full range of light work is reduced by his inability to remain in one position for prolonged peri-

ods." Tr. 14, but then without analysis concludes that plaintiff could function as a "security guard, mail clerk, parts order and stock clerk, a cashier and taxi cab starter/dispatcher" as indicated by the second expert's written response. Tr. at 15. In making this ruling, the ALJ did not make findings as to the functional ability of plaintiff to do the actual work required by such jobs, as called for by the Appeals Council decision. The ALJ also failed to follow presumptively relevant agency guidelines, without an adequate explanation for the departure: thus he made findings to the effect that plaintiff's working capacity did not meet agency guidelines for either light work or sedentary work, yet he found him not disabled.[1]

ALJ Brown also found without discussion or support in the evidence that the "claimant's subjective complaints are somewhat overstated." Tr. at 14.

Based on the sequence of events in this case and the internal weaknesses and contradictions in the ALJ's findings, and the fact that these problems arose upon a second hearing before the same ALJ whose initial ruling was set aside by the Appeals Council, I remand this case to the Secretary pursuant to sentence 6 of 42 U.S.C. § 405(g) with directions that a hearing be held before an Administrative Law Judge not previously involved in this case, that evidence be developed concerning plaintiff's ability to satisfy the agency's criterion for light work or sedentary work, and fulfill the requirements of any jobs identified as ones he could perform (such as those mentioned at Tr. 15), and if appropriate to calculate benefits.

In remanding this case, I am conscious of the length of time since the original decision in 1989. It would appear that this delay results in part from failure of the ALJ to follow the instructions of the Ap-

---

1. See, in this connection, the ALJ's findings §§ 9 and 10:

9. If the claimant had the capacity to perform a full range of sedentary work or light work Rules 201.28 and 202.21 would direct a conclusion of not disabled.

10. Although the claimant's exertional limitations do not allow him to perform the full range of light or sedentary work using the above-cited Rules as a framework for decision there are a significant number of jobs in the national economy which he could perform. Examples of such jobs are [those quoted above]. Tr. 14–15.

peals Council (Tr. 131) upon remand of the first decision to the ALJ, instructions remarkably similar to those it has now become necessary for me to reiterate. Accordingly, I direct that in addition to assigning this case to a different ALJ, the Secretary consider giving it expedited treatment. I retain jurisdiction for purposes of reviewing any subsequent matters involving this case which may properly be brought before the court.

SO ORDERED.